

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10-cv-2630 | **DATE** | July 3, 2012 |
| **CASE TITLE** | Crane v. Porayko | | |

**DOCKET ENTRY TEXT:**

The Bankruptcy Court's order granting the motion for relief from the automatic stay is AFFIRMED. Civil case is terminated.

## STATEMENT

### I. OVERVIEW

Eugene Crane ("Crane" or "Trustee") as Trustee of the Chapter 7 Bankruptcy Estate of William N. Porayko ("Porayko" or "Debtor") appeals from the order entered by the Bankruptcy Court granting Travis Crowell ("Crowell" or "Creditor") relief from the automatic stay. On appeal from a Bankruptcy Court ruling, the District Court reviews factual findings under a clearly erroneous standard, but reviews conclusions of law de novo. *Ojeda v. Goldberg*, 599 F.3d 712, 716 (7th Cir. 2010). The Parties do not dispute the facts, but instead, only disagree over the application of the law to those facts. Accordingly, I review all issues presented here *de novo*.

### II. STATEMENT OF FACTS

This case is a dispute over priority to funds in the Debtor's checking account at TCF Bank. On October 8, 2008, the Creditor obtained a $72,887.00 judgment against Porayko. On October 15, 2008, Crowell served Porayko with a citation to discover assets and on July 11, 2009, Crowell served TCF Bank with a third party citation to discover assets. On August 10, 2009, Porayko filed a Chapter 7 bankruptcy. As of the filing date Porayko's bank account held $10,767.45. Crowell moved to lift the stay on August 28, 2009, so that he could pursue turnover of the funds in Porayko's bank account. Crane in turn filed an adversary proceeding to avoid Crowell's lien. On March 30, 2010, the Bankruptcy Court entered a Memorandum Opinion holding that service of a citation on Porayko alone was sufficient to create a lien on the funds in the account in favor of Crowell.

### III. DISCUSSION

# STATEMENT

Appellant raises two questions. First, whether a bank account is properly considered a chose in action and thus subject to lien under Illinois law. Second, if so, does citation directed at the debtor alone (and not the bank) establish a lien over the bank account?

The relevant statute in this case is 735 ILCS 5/2-1402 (m), which provides:

> The judgment or balance due on the judgment becomes a lien when a citation is served in accordance with subsection (a) of this Section. The lien binds the nonexempt personal property, including money, chooses in action, and effects of the judgment debtor as follows:
>
>> (1) When the citation is directed against the judgment debtor, upon all personal property belonging to the judgment debtor in the possession or control of the judgment debtor or which may thereafter be acquired or come due to the judgment debtor to the time of the disposition of the citation.
>>
>> (2) When the citation is directed against a third party, upon all personal property belonging to the judgment debtor in the possession or control of the third party or which may thereafter be acquired or come due to the judgment debtor to the time of the disposition of the citation.

### A. The Debtor's Bank Account is a Chose in Action Subject to Lien

The Bankruptcy Court did not address whether the bank account is properly considered a chose in action but the Trustee argues that it is not. Trustee cites to *Gonzales v. Profile Sanding Equipment*, 776 N.E.2d 667 (Ill. App. 1 Dist., 2002) which distinguished a "chose in action"– a cause presently being litigated – from a "potential chose in action" – a claim that could be litigated, but has not been initiated (in that case, a legal malpractice claim). Trustee argues that while the substantive law of bank accounts makes the depositor a creditor of the Bank, the fact that a depositor may be a creditor with a contractual claim against the Bank for the amount of the deposit does not transform such a claim into a "chose in action." Accordingly, until a claim is filed, the depositor's claim is a potential chose in action, and not an asset subject to the citation lien by service on the depositor (Debtor).

Crowell rejects the Trustee's application of *Gonzales* to the present action. Crowell argues that in fact a demand deposit account "falls squarely within the recited definition of a chose in action, because it constitutes a depositor's contractual right to demand and direct payment from his depositee bank. Unlike the *potential*, but unasserted legal malpractice claim at issue in *Gonzales*, a depositor's contractual right to receive payment from his depositee bank is not inchoate." Furthermore, established law recognizes that a bank deposit is a chose in action or debt. *In re Oxford Marketing, Ltd.*, 444 F.Supp. 399, 404 (D.C. Ill. 1978); *see Chrysler First Wholesale Credit, Inc. v. First State Bank of Chicago*, 89 C 7464, 1990 WL 207371, at *2 (N.D. Ill. Nov. 19, 1990).

Crowell is right. The trustee's argument is clever but unavailing–no Illinois court has held that a bank account is merely a potential chose in action not subject to third party lien until a claim for breach of contract accrues to the depositor. As Appellee recognized, *Gonzales* supports the opposite conclusion given the contractual relationship between the bank and the depositor. 333 Ill. App. 3d at 694.

### B. Citation Directed Against the Debtor was Effective in Creating a Lien on his Bank Account

# STATEMENT

The Trustee next argues that funds within Bank accounts were not in Porayko's possession or control and thus citation on him was ineffectual in creating a lien over the account. 735 ILCS 5/2-1402(m)(1).

Trustee is correct that when a debtor deposits money with a bank, the bank takes title to the money and becomes indebted to the depositor/debtor in the amount of the deposit. "As a rule, when money is deposited with a bank, title to it passes and the bank becomes a debtor to the extent of the deposit; and to that extent, the depositor becomes a creditor." *Katz v. Belmont National Bank of Chicago*, 491 N.E.2d 1157, 1159 (1986). From this principle, the Trustee argues that the funds in a bank account are not the depositor's property, nor can the depositor meaningfully control the property.

The Bankruptcy Court held that even if the property was not in Debtor's possession or control, the citation statute contains the disjunctive phrase: "in the possession or control of the judgment debtor **or which may thereafter be acquired or come due to the judgment debtor to the time of the disposition of the citation.**" The Court concluded that: "[i]f the bank account is a promise to pay then it is due the debtor," and "[t]he key is that the property is due to the debtor not the receipt of the property."

I agree with the Bankruptcy Court. Generally, service on the debtor alone is sufficient to perfect a lien on property of the debtor in a third party's possession. *TM Ryan Co. v. 5350 South Shore, L.L.C.*, 836 N.E.2d 803, 808-09 (Ill. App. Ct. 2005). I am unpersuaded that bank accounts should be treated any differently. Accordingly, Crowell's lien on Parayko's TCF account was perfected in October 2008 and is not subject to avoidance.

## IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's order is affirmed.

## Minute Entries
1:10-cv-02630 Crane v. Porayko
SCHENKIER

**Civil Case Closing Statistics Division Information**

Case Number: 1:10-cv-02630 | Office: 1 | Case Type: cv | Date Filed: 04/28/2010

Edit Statistical Data

| Field | Value | Field | Value |
|---|---|---|---|
| Dollar Award (000) | | Disposition | 19 (District Court Affirmed Decision in its Entirety) |
| Date at Issue | | Nature of Judgment | 0 (No Monetary Award) |
| Date Pretrial | | Judgment For | |
| Date Trial Begin | | Class Action (at Term.) | n (No Class Action Alleged) |
| | | Arbitration (at Term.) | |
| Date Trial End | | Progress at Termination | 01 (Before Issue Joined - No Court Action) |

Next    Clear